All right, the next case is Turner v. Jordan. We'll give the courtroom a chance to clear out before we begin the next argument. We lost our audience. We will begin with Mr. Burns. Good morning, Your Honor. May it please the Court, Jerry Burns on behalf of Appellant Robert Turner, I've reserved three minutes for rebuttal. The issue in this case is whether the Comity Doctrine mandates abstention in a case that only tangentially involves state taxation, that sees no declaration that any state tax law is unconstitutional, in which a favorable ruling for the plaintiff will not impair or disrupt the state's ability to levy, assess, or collect any tax. Not every case that involves taxation invokes the Comity Doctrine. Can I ask you just a quick question to kind of set the table? Do I understand correctly from your brief, you've sort of sworn off any argument that you're contesting the amount of taxes owed, right? You said that's not our argument. It's not our argument about the validity of the Homestead Exemption sort of in the abstract, just sort of when it was active and when it wasn't active with respect to the original listing, right? Correct. And you've sworn off any argument concerning the government's right to foreclose on the property. Correct. Your position is like this is sort of a rightful shot argument, just that they misapplied state law and did so for retaliatory reasons. Yes, Your Honor. Okay, I just want to make sure I've got the narrowness of your position right. Yes, Your Honor. And I think that's important when we look at the principles of Comity and why it's in place and why the doctrine has developed the way it has, and that's to ensure that federal courts aren't disrupting the states in their administration of taxes. And when we look at what the issue here is, the relief that Mr. Turner seeks would have no impact on the state's ability to administer its tax programs. Can I ask you a question that's sort of a factual thing that I'm just a little unclear on? So he, I think it's pretty clear he had the Homestead Exemption at the time that the first sale was set at $3,500 or whatever. And then, I don't think we can take judicial notice of the fact of it being set in June. But in any case, in October, it's offered at the same amount. Is there a resetting of that amount or is it automatic that it is the exact same opening bid? Do you know what I'm saying? I don't, Your Honor. The exact same opening bid from March. So it's set for an opening bid in March, a minimum opening bid. No one buys it. Then it's sold for the same amount of that minimum bid in October. And I'm wondering, is it reset, the minimum amount that they're offering the property for, or is it necessarily the same as it was in October? In other words, what I'm trying to ask, but not doing it very well, is whether the amount that they set in March necessarily governed what they would offer it for in October. Your Honor, it's our position that the statutes say that there is just one opening bid. And that's the amount that was originally set when the property went on public sale. And so that was the March period. And at that point in time, it's undisputed that Mr. Turner had a valid homestead exemption on the latest tax roll. And so that amount should have included one-half of the assessed value of his property. So your view then is that the only relevance of the October sale is that it was sold for that amount, not the timing of that sale, right? Correct. Okay, I got it. Thank you. We believe the statutes use opening bid and minimum bid, but they're not interchangeable. They mean different things, and that's because the statute defines what goes in an opening bid. And so the opening bid should have remained constant once it was placed for sale and that tax deed application was made. And so at that time, because Mr. Turner's homestead exemption was valid, that that amount should have included the one-half of the assessed value. Does that require us to have to evaluate tax law, state tax law, to be able to make that I mean, I guess maybe it doesn't make a difference here because we're not going to, at least I don't think we can recognize, I don't speak on behalf of anyone else, the fact that the homestead exemption was lifted in June of 2015 on this record because it's not in there. So maybe it doesn't make a difference. I don't believe it does, Your Honor, because those documents are not in the record. But even if it did, whether the homestead exemption is removed or not removed doesn't really matter because this is the very unique factual case where the removal of the homestead exemption has nothing to do with the amount of taxes, what the value of the property was. It only relates to whether Mr. Turner was entitled to the one-half of the assessed value. Right, but let's say if we could recognize the fact that the homestead was removed, then the question, then that's when it becomes relevant as to whether the state could or whether the county could have offered it for a different amount in October. Whether the whole, in other words, whether the slate is wiped clean in whatever error they may have made in March doesn't matter anymore. And I'm asking it because if that requires us to get into state law to be able to assess that, I wonder what your thoughts are on that and whether that's something we should be doing. Well, it would be a matter of peer-to-peer interpretation. The court would have to determine whether the clerk was permitted to change the opening bid, which I think when you look at what the term opening means, it wouldn't make sense that the opening bid could be changed and have it still be the opening bid. I think it implies that it's the first bid. You know, if you think of a play has opening night, if nobody showed up but they did the play and then the next night, that's not still opening night because people come, the first night was opening night. And so I think that's kind of the same way this opening bid works. And so the clerk couldn't change the price. But even if the court has to make that interpretation of a Florida statute, which federal courts do all the time, particularly in diversity jurisdiction, I don't think that invokes comedy abstention here because it still doesn't impact any taxation issue. Because whether Mr. Turner had the exemption or not doesn't change what he owed, what a future property owner is going to owe, what any other property owner might owe. It only matters as it relates to whether he should have received that one half of the assessed value. Mr. Burns, your reply brief says that your opponent has loaded up his brief with a lot of facts that aren't in the record. Yes, Your Honor. Okay. So that ought to be wrestled on remand. Is that the idea? Yes. What would you expect would happen if we sent the case back down to the district court and all of the factual recitations in your brother's brief became fact? Where are you then? They were back at the statutory interpretation issue. Well, no, we're back in state court, aren't we? Probably? No, Your Honor. I do not believe so. I think a federal court... Aren't the statute's limitations running while we're doing all this? I'm talking about for state court proceedings. A lot of times people get into the federal court and they've got a state court cause of action, and the state court limitations period keeps running. Is  No, Your Honor. I'll put it this way. Are we in a position where you failed to do anything in the state court and the federal court is the only place where you can get any relief? Is that about where we are? Yes, Your Honor. Okay. And that's by Turner's own doing. It is, Your Honor, but that doesn't... The statute of limitations issue is not something that has even been raised. I mean, there are a lot of times when litigants have a remedy in state court, they come to federal court, they let the limitations period run on state court remedies, and now they say to the federal court, we can't get anything unless you exercise jurisdiction here. Well, Your Honor, I don't think this is a situation where just because Mr. Turner could pursue a claim in federal court that, or excuse me, in state court, that he must, because I think the comedy doctrine is really a two-step process. Do you quarrel with the facts that they laid out in their brief? Your Honor, I haven't had an opportunity through discovery to test that. Oh, they laid it out sort of in a logical way. They lay out a timeline and have put documents before this court that were not before the district court, but Mr. Turner has had no opportunity to conduct his own discovery to have an opportunity to discover whether what they've represented is true. Is that it? Correct. Okay. And he should be entitled to be able to do that. Ultimately, because of this two-step process, just because there may be state court remedies, doesn't mean that this case has to go to state court. What the comedy doctrine looks at is, and it's kind of brought out in the discussion on the standard of review, but if comedy principles do not control, then district courts have a virtually unflagging obligation to hear the cases that are within . . . Then you've got the Perelman doctrine applies here too, doesn't it? You're asking the federal court to interpret state law. Your Honor, I'm not sure that . . . Is that not what you're asking?  You have a state law question you want the federal court to answer. I don't know that the federal court needs to answer the question, Your Honor. I think where the case after the district court was that Mr. Turner had a valid homestead exemption, and because of that, he was entitled to the one-half amount. Ultimately, even if the federal court has to interpret the state law, I still don't think that that invokes principles of comedy because it's not related to the tax issue. It's really related to a separate Fifth Amendment protected property interest that the Supreme Court just recently held in Tyler v. Hennepin County. Florida statute creates this one-half interest in the homestead that is entitled to the property owner if there's a tax deed sale on that property, and that interest is separate from the tax deed. Although it's gathered in conjunction with the sale, it's not a tax. It never belonged to the county, and I think both the Freed and Dorse cases do a good job of explaining why that surplus amount is separate from taxes. Thank you, Mr. Burns. You've reserved three minutes for rebuttal. We'll hear next from Mr. Siegel. May it please the Court. My name is Scott Siegel, and I represent the appellees in this action. There are two important points here that I think are dispositive and that I would briefly frame for the Court. The first is that we are not asking the Court to take judicial notice or to use judicial notice to reach the merits or determine the truth of any of the underlying issues here, including the removal of the homestead exemption or the calculation. It is simply enough and exactly enough that this Court knows that those issues exist and that those issues will have to be resolved one way or the other for Mr. Turner to prevail on his claims. And it is enough that those issues both impact state law issues of taxation, or excuse me, of assessment and collection of state taxation. There must obviously be a decision at some point that there was a valid homestead exemption on this property for it to have been applied to give him the surplus. Let me ask you this. Do you contest that there was a valid homestead exemption in March? We do not. The exemption was removed on June 1st and was removed, certified removed in October and was not in place at the time of the tax deed sale later in October. So, I mean, I took your adversary's answers to my framing question earlier to be basically all he needs is that there was a valid homestead exemption in place in March when you structured the opening bid, right? He says that it was at that point that sort of the opening bid, you know, sort of contrary to state law, the opening bid was too low because at that point you've now, you know, you've acknowledged there's a valid homestead exemption in place. And so, you know, there was a misapplication of state law that he alleges was, you know, sort of misapplied in retaliation for First Amendment protected activity. This goes, dovetails into Judge Rosenbaum's question about whether the opening bid is fluid or is fixed at one time. So, turning to that because this is absolutely what my colleague described as a pure statutory interpretation and he talked about what the statute implies. The opening bid is a statutory term of art. It is a mathematical calculation. It is X plus Y plus Z is the opening bid. So, when the statute says, quote, any purchase, person may purchase the property for the opening bid, it's not talking about an actual bid that has taken place. It's talking about they may purchase it for the result of this mathematical calculation. And because it's a calculation, it is fluid and can change as the components of the calculation can change. So, for example, if there was property that was unsold for more than a year and additional taxes became due and additional taxes became delinquent, then the component of the opening bid that talked about the back taxes or unpaid taxes being a part of that would be added to that. So, it's possible here, for example, on April 1st, the opening bid calculation would be one thing and after additional taxes became due at a later point, the opening bid would change. Would the revocation of the homestead exemption, if it occurred in June, as you say, would that change the opening bid? It would change the opening bid when it was certified in October, which happened before the tax due sale. So, there's actually a case here, I think, that works. It talks about this. It's Perdido Bay Partnership v. Warner. It's a Florida 1st District Court of Appeals case from 2003. I give you the citation because I didn't have the certified reply. It is 8-07 Southern 2nd, 1154. And it talks about this process. In it, the clerk of court in that case talked about how they do not run this calculation of the opening bid until there is either a request or an offer made on the property. The clerk said, or the court said, quote, the clerk accepts the purchase on a first come, first served basis, and thereafter, it calculates the amount of the opening bid. And the court in that case, Florida's 1st District, went on to specifically find and rule that that procedure did not conflict with the state statute. The statute itself is silent as to when the calculation takes place or when it must be recalculated. I would argue, and I think the clerk of court's position here is, as the components of the the amount of the calculation will change. And again, the opening bid is just a calculation. It is not actually a bid that takes place. And that's exactly what the clerk said. Mr. Siegel, what remedies does Mr. Turner have at the state court? And which remedies has he given away by letting the statute of limitations run? He has full remedies to remedy all claims that he could have, has raised in this case. And right tomorrow? Tomorrow, what could he do in state court? Tomorrow, nothing. The statute of limitations ran on every claim he's made. All while he's been litigating in federal court. It didn't even run while he's been litigating here, unless you count his prior federal court action. They ran before he even came to federal court the first time? No, it ran before he came to the federal court in this case. That's what I mean, in this case. He's been living in federal court while the statute's run. Correct. Every claim that he has brought here, he could have brought in the first federal court action. But where we are is he's let the statute run, and the federal court's the only place he can get the relief he hopes. That squeezed it down. Isn't that where we are? If he had the time, he would have those remedies.  He could have brought the statute on every claim he had. He, of course, could have brought a First Amendment retaliation claim in the state courts when he brought his first state court action. He could have brought that claim when he brought his first federal court action. But he can't do that now. And that's one of the reasons we talk about statute of limitations, that it's not really an expansion of the underlying court's order. Because any affirmation by this court, if we affirm it is in any capacity, the legal effect is the same. The claims were time-barred before he brought them. They continue to be time-barred now. So the legal effect is de facto a dismissal with prejudice. Yeah, but we've been pretty stingy about this, right? I tend to think that Turner has the cross-appeal issue exactly right. As you would say, to affirm on the alternative ground would be to convert a without prejudice jurisdictional dismissal to a with prejudice merits dismissal. And that is an enlargement of the judgment. Exactly what I think I attempted to say poorly just a moment ago. That it's not really an expansion. Because if the statute of limitations, if we agree the statute of limitations has run. And all these claims were barred before this case was filed. Then the law says when the statute of limitations has run, a dismissal without prejudice is de facto a dismissal with prejudice. Because it cannot be brought. And so if we affirm on the issue that the comedy issue that the district court affirmed on. It is still de facto a dismissal with prejudice. Because the statute tried to re-bring them, the statute will have already run. And so this court doesn't need to add the words with prejudice. It doesn't need to remand for the court to add the words with prejudice. The legal effect is the same. It is with prejudice. Whether the district court said it or not. Because on the face of the complaint, what we know, the statute has run. He does raise, should the district court have been able to raise or consider tolling arguments. And I just think that tolling has no application in this case at all. He brought multiple timely lawsuits. He brought a state court action, a state court of appeals. He brought a federal court case. All within the four year statute of limitations for these claims. He clearly knew he had suffered an injury. He clearly knew that he could bring a lawsuit to redress that. If this case is any different, it is only different in how he has chosen to formulate the claims. Or what specific claims he has brought. It is not a question where he didn't know he had been injured. Didn't know he could vindicate his rights. And again, we can use judicial notice. We don't have to drill down to the merits. We don't have to accept those documents for their truth. We only need to know and understand that those issues exist. And will have to be determined one way or the other. Getting back to Judge Rosenbaum's question on the clerk of court and the fluidity. The reason that is important is because this court will have to decide. Or not this court, but remains the district court at some point will have to decide. That the clerk of court, a constitutional officer of the state of Florida. Charged with collecting these taxes or conducting these tax sales. Is misinterpreting a Florida statute. And is applying the Florida statute governing those tax sales wrongly. And it is enough to know that that has to be decided in Mr. Turner's favor. And that that is a disruption. That is an interference with state taxation. To say the statute should be interpreted this way versus that way. And Mr. Clerk of Court, the way you are interpreting it is wrong. If that is the decision that needs to be made. What if there is clear law, clear Florida law on this. And all I have to do is apply clear Florida law. And there is nothing that is at all hazy about it. There is no law on this. If you Google or if you Westlaw search these. You find Mr. Turner's cases about the only cases that deal with any of these issues. I have looked and I assume my colleague has looked as well. As far as when does this calculation must take place. What are the components for the homestead exemption removal that take place here. What is clear is that the aggrieved persons have remedies in state courts. Well let me ask it to you this way. Let's say that you all sold it for $3,500 in March. Before the homestead was removed. Is there clear law that you couldn't have done that under Florida law? Judge, of course different facts lead to different outcomes. Yes, I agree. That's why it's a hypothetical. If this had sold in March. Then the homestead exemption would have attached that property when it was last certified. And it would have had to been sold for the amount that included one half of that. I do not dispute that. And I think that would be clear. Right. If it's not our case. The interpretation of when the calculation takes place. Is a critical issue of interference in the state taxation system. That must be decided at some point. And if it's going to be decided. It's Florida's state courts. That should be tasked with deciding whether the clerks are interpreting. The state taxation statutes correctly or incorrectly. Again the statute is silent on this. So let me ask you one other thing then. On this factual record. Which you all could have put that into evidence I guess. In the district court but didn't. I guess you're, well I'm thinking through it right now. I guess your point is that the taxes could have changed. That were due and owing between March and October. And that would have, if that had happened. That would have affected. It's not the taxes necessarily that changed. It's whether or not the minimum, the calculation of the minimum bid changed. And we would say that it did change. Because the homestead bond status of the property changed. So that. Okay. So then that actually. That's not what I'm asking. That's okay. I wasn't clear. On this record we don't know. That the homestead was removed. Okay so. On this record. There's still a homestead that exists in October. And so. Under that scenario. Is the law clear. That the minimum bid. Would have had to have. Been more than $3,500. The opening bid I know. There is a reason in abstention cases. That the court is not limited to the four corners of the complaint. And that is so that the court to know what the issues are. In the case that have to be decided. Courts look beyond the mere allegations. To understand what the case is really about in abstention cases. Courts do not have to address these issues. With blinders on. So while the four corners of the complaint. You would have to accept there was an exemption. The judicial notice of the prior record. Is at least sufficient. For this court to understand. That that is an issue in the case. And that will have to be resolved. One way or the other. And cannot be resolved. Without a determination for a homestead exemption. For example. That the property appraisers. Judgment and actions. In removing the homestead exemption. Were somehow wrongful. Or the tax collectors actions. Interpreting the statute. Were somehow incorrect. And was an improper interpretation. So Judge. I think when we look at judicial notice here. We have to look at it with a limited frame point. That is important for the court. It does not determine the truth. It does not determine the merits. We don't have to decide. Right. Your whole point is that these are going to be issues that have to be addressed. Right. That's it. And judicial notice is not for us to know that those are issues in the case. We can at least look. And we don't have to dig very far in those cases at all. And the courts did of course look at those cases. Cited extensively from the complaints. From the orders. From looked at detail at those prior cases. The court. The district court understood. That this case involved those issues. And because it involved those issues. Principles of comedy in the tax injunction act. Would prohibit its interference with that issue. So the court was pretty clear. On exactly why and what it was doing. I think that. If. There's going to be a determination. That the state statute. Should be read. The way. The other side says it should be read. And not as the way as the clerk of court is going to read it. But that's a misinterpretation. That that is a job and a role for Florida state courts to address. And because. Doing so in the federal level. Would be an undue interference. With that taxation scheme. It interferes with the collection of the taxes. From the tax collector. Quite clearly. And because adequate state law remedies existed. And that's a question separate and apart. From whether he timely utilized them. Or achieved the results. Or brought all the claims he should have brought timely. Which he has weighed or delayed. Or reformulated his case many times. Because it is an interference. And because there are remedies. Then both the tax injunction act. And principles of comedy. Suggest that this court should affirm. And dismiss this case. Thank you counsel. Thank you. Mr. Burns. Do you have any remedies in state court. That are not barred by the statute of limitations. Not at this time your honor. Yeah. Do you have any remedy. In state court. For what you're seeking. That are not barred by statute of limitations. Not at this time your honor. Unless. If the statute of limitations were to be told. They're told. The Florida statute of limitations. Are told. Is that what you're telling me. No your honor. We have not made that argument before the district court. No. I'm asking you whether or not. As a Florida lawyer. The relief you seek. In this case. Can you obtain it in Florida. Or are the statute of limitations run. From just looking at the time period. The four years have elapsed. So if there is no change. Then time has elapsed your honor. Could you go tomorrow morning. Could you file suit in state court. No your honor. You can. Cannot. You cannot. Because it's run. Correct. Okay. Your honor. I want to touch on one point. About the factual record. And what's been presented to this court. The magistrate judge. In it's report and recommendation. On the amended complaint. Recommended that there be. A factual record developed. To determine whether the tax injunction act. Or comedy doctrine would control the case. And I believe that's the proper course. That the court should have taken here. On the second amended complaint. Because there was nothing additional. To the second amended complaint. So I'm sorry. We need to. You have to limit your argument to what was raised. In your initial argument. And what was brought up by opposing counsel. Something that's responsive to that. Yes your honor. I think. What I'm trying to say is that. Based off of. Looking at the evidence that. Appellees have presented. That was not in the record below. The court should have the opportunity. The district court should have the opportunity. To review those. And determine whether those. Mandate comedy abstention. And I think. We also. Do you disagree then. With your friend on the other side of the aisle. That it's appropriate for us. To look at those filings. Not for the truth of the matter asserted. But to recognize. That these are issues that the district court. Will necessarily have to address. I disagree that. That's why they were. Put before the court. Regardless of why they were put before the court. Do you disagree that. They. Can be used by the court. For the sole purpose of assessing. The issues that the district court. Will have to evaluate. If we send this back. Ultimately. I don't think it matters. Your honor. I think with the very specific relief. That Mr. Turner is seeking. It's not a tax issue. And so it's not. It's really. Ancillary to taxation issues. And it's a process that's done in conjunction with. But it's not related. To any tax here. And so because he's not actually. Challenging the homestead exemption. For tax purposes. It's not going to. Let me ask you one other thing. The March offering. Where there was no sale. Was there an injury to your client. For purposes of the fifth amendment. There. No. There had not been a taking at that point. So the injury doesn't occur until the October sale. Right. When the actual taking occurs. Yes your honor. Okay. So what. Give us your best argument for what we should rely on. To ascertain that. The. Offering amount. Couldn't have changed. Between. March and October. 197.502. Defines opening bid. And then. Later in 197.502. They use a different term. Minimum bid. And when you look at that statute. Opening bid. Because it's specifically defined. And says the clerk sets the opening bid. When it's listed for sale. And then. My colleague talked about. Whether there's additional taxes later after the opening bid. 197.502 then refers. Says that will be added to the minimum bid. And so there's a difference between. Opening bid. And minimum bid. And the minimum bid has these. What are called omitted taxes. Right. The tax collector is not actually allowed to extend taxes. Once it's been listed on. For sale. And so when you look at 197.502. The opening bid. Simply doesn't change. It remains the opening bid. Now there's things that can be added to the minimum bid. Which is what somebody must pay to buy it. But the initial offering. Is that opening bid. All right. Thank you very much Mr. Burns. Thank you both.